```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

EUGENE I. KELLY,                    :
                                    :    Civil Action No. 08-3565 (NLH)
        Plaintiff,          :
                                    :
        v.                  :    **MEMORANDUM OPINION**
                                    :
OFFICER MARK GORMAN,                :
                                    :
        Defendants.         :

**APPEARANCES**:

Plaintiff pro se
Eugene I. Kelly
Southern State Correctional Facility
P.O. Box 1508
Delmont, NJ 08314

**HILLMAN**, District Judge

    Plaintiff Eugene I. Kelly, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

    This matter was originally opened to the Court upon receipt of Plaintiff's Complaint and Application for leave to proceed in forma pauperis in July 2008. The Application for leave to proceed in forma pauperis was dated July 8, 2008, and the accompanying institutional account statement from Atlantic County Jail, where Plaintiff was then confined, was for the period from June 23, 2008, through July 8, 2008. The account statement was not certified, as required by 28 U.S.C. § 1915(a)(2).

By Order [2] entered August 19, 2008, this Court denied Plaintiff's Application for leave to proceed *in forma pauperis*, granting Plaintiff leave to move to re-open by submission of a complete Application for leave to proceed *in forma pauperis*, including the required *certified* six-months institutional account statement.

This Court is in receipt of Plaintiff's second Application for leave to proceed *in forma pauperis* and explanatory letters [3, 4]. Plaintiff explains that he has been confined only since June 23, 2008, so there are no institutional account statements before that date. The second Application is accompanied by a certified institutional account statement from Southern State Correctional Facility, to which Plaintiff has been transferred, for the period from August 1, 2008, through September 23, 2008. However, Plaintiff still has not complied with the statutory requirement that he provide a *certified* institutional account statement for the period from June 23, 2008, until he submitted his original Application, on July 8, 2008, from the appropriate official at Atlantic County Jail. *See*, *e.g.*, *Tyson v. Youth Ventures, L.L.C.*, 42 Fed.Appx. 221 (10th Cir. 2002) (detailing the certification requirement); *Johnson v. United States*, 79 Fed.Cl. 769 (2007) (same).

As Plaintiff has failed, without explanation, to provide the required certified institutional account statement from Atlantic

County Jail, the second Application for leave to proceed in forma pauperis will be denied without prejudice and this matter will not be re-opened.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

CONCLUSION

For the reasons set forth above, Plaintiff's second application for leave to proceed in forma pauperis will be denied without prejudice and this matter will remain closed.  Plaintiff will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.


At Camden, New Jersey                s/Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated: January 5, 2009

---

[1] The administrative termination of this matter is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).